### ED LOVE v. THE STATE.

No. 15376.   Delivered November 9, 1932.
Reported in 54 S. W. (2d) 348.

The opinion states the case.

*Williford & Williford,* of Fairfield, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for manufacturing intoxicating liquor; punishment, one year in the penitentiary.

The motion for new trial was overruled January 27, 1932, and notice of appeal then given. The appellant was allowed seventy days in which to file statement of facts and bills of exception. Appellant has two bills of exception. Both were filed April 23, 1932. Manifestly this is beyond the seventy days granted by order of the court. On April 4, 1932, the court

made an order extending the time for filing the statement of facts, but no mention is therein made of the bills of exception.

Appellant complains on appeal of the lack of sufficient testimony corroborating that of an accomplice. Said accomplice testified that he was at a still on the 13th of July, 1931, when appellant was there. He said appellant was there when he got there. We quote: "He was there making whisky when I first got there, but he was not there when the laws came." This witness said he went down to the still about 5 o'clock in the afternoon; that there were barrels of hops at the place; a fire was under the still and whisky was there. He said he saw appellant pour up something into a jar, and he saw him pouring whatever this was into a barrel. He further testified that appellant left the still fifteen or twenty minutes before the officers got there. This was the testimony of the accomplice.

Three officers raided the still on the night of July 13th and found a quantity of whisky, mash, etc., and a still in operation, having fire under it and whisky running out of the coil. One of these officers was Bob Reeves. Reeves testified that he was with the other officers who made the raid, and as to what they found. He also testified that on that same afternoon approximately two and a half hours before the raid, he was near said still and saw appellant there. We quote: "He was firing up his pot. He had built a fire and was getting ready to work. I suppose I watched him anywhere from three to five minutes, and, according to my best judgment, I would say I was about forty steps from him and the still. * * * He is the only one I saw there at that time, and he had built a fire under the still; I saw him building it. He had the fire going and was around the still. I say I saw him build this fire. * * * He was standing up, moving around as you would do in performng any other duties." It seems hardly necessary to indulge in a discussion of the fact that this testimony was corroborative of that given by the accomplice. The officer testified that he saw appellant engaged in the preliminary operations incident to and necessary in the manufacture of intoxicating liquor and apparently in charge of said still. The accomplice testified that he saw appellant later on the same afternoon engaged in the actual manufacture of intoxicating liquor at said place with said still.

Finding no error in the record, the judgment will be affirmed.

*Affirmed.*

HAWKINS, J., not sitting.